■ DARLENE SANCHEZ et al., Appellants, v HOME DEPOT U.S.A., INC., Doing Business as THE HOME DEPOT, Respondent, et al., Defendant. [752 NYS2d 540] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered April 15, 2002, as, upon an order of the same court, dated January 29, 2002, granting the motion of the defendant Home Depot U.S.A., Inc., doing business as The Home Depot for summary judgment dismissing the complaint insofar as asserted against it and denying their cross motion for summary judgment on the issue of liability, is in favor of the defendant Home Depot U.S.A., Inc., doing business as The Home Depot and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the motion of the defendant Home Depot U.S.A., Inc., doing business as The Home Depot (hereinafter Home Depot) for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiffs' cross motion for summary judgment on the issue of liability. Home Depot sustained its prima facie burden of demonstrating that it neither created nor had notice of the alleged dangerous condition (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *see e.g. Meegan v Westbury Prop. Inv. Co.,* 234 AD2d 433). The plaintiffs failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' remaining contention is without merit. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.