■ Robert Carrion et al., Appellants, v. Eastern Elevator Company, Inc., Respondent, and Abraham Poliacoff, Third-Party Plaintiff-Respondent-Appellant. Specialty Hardware Company, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, etc., (1) plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered June 30, 1969 *inter alia* in favor of defendants against plaintiffs upon a jury verdict, and (2) third-party plaintiff appeals from so much of the judgment as is against him and in favor of third-party defendant upon the trial court's decision. Judgment affirmed, with one bill of costs to defendants jointly against plaintiffs and with costs to third-party defendant against third-party plaintiff. No opinion. Christ, P. J., Rabin, Hopkins and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Plaintiff Robert Carrion fell down an elevator shaft in a factory building owned by defendant Poliacoff. The elevator was maintained and kept in repair by defendant Eastern Elevator Company, Inc. The accident occurred because the elevator car was not at the fourth floor landing when this plaintiff opened the shaftway door on that floor. The New York City Administrative Code required a parking lock device on the ground floor to prevent the shaft door from opening when the elevator car was not at that landing; and there was such a device on the ground floor of this building. The Administrative Code did not specifically require a parking lock on any other floor and there was none on the fourth floor of this building. During the trial, plaintiffs sought to adduce expert testimony that it was established custom and usage to provide parking locks on all floors of a factory building. The trial court excluded that testimony. At another point in the trial, plaintiffs offered

in evidence the report of a New York City elevator inspector who had investigated the accident a week after it occurred and had filed the report with the Department of Buildings, as required by former section C26–851.0 of the New York City Administrative Code [now § C26–1804.2], but the court excluded it. In my opinion the aforementioned rulings constitute reversible error and because of them plaintiff is entitled to a new trial. It is practically hornbook law that in a common-law negligence action proof of general custom and usage is competent and admissible because it tends to establish a standard by which ordinary care may be judged (*Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543, 550; *Garthe* v. *Ruppert*, 264 N. Y. 290, 296). Nor is the rule any different in a case where a statute prescribes certain minimum safety requirements but it is established custom and usage to provide additional safety devices (*Sherman* v. *Lowenstein & Sons*, 28 A D 2d 922; *Phillips* v. *Roux Labs.*, 286 App. Div. 549, 551; cf. *O'Connor* v. *595 Realty Assoc.*, 23 A D 2d 69, 74). It therefore was prejudicial error to exclude the proffered proof of a general custom to provide parking locks on all floors of a factory building. Also erroneous and prejudicial was the exclusion of the elevator inspector's report. Section C26–851.0 [now § C26–1804.2] of the New York City Administrative Code provided that every elevator accident shall immediately be investigated by the Department of Buildings; that a report of the investigation, stating all the available facts and the cause of the accident, so far as they can be determined, shall be filed in the department; and that the report shall be open to public inspection. The investigation report filed after this accident contained a statement of the conditions personally observed by the inspector and his recommendations as to how those conditions should be remedied. It may be that so much of the report as contained the inspector's recommendations was not admissible, but that part of it which stated what he personally had seen at the accident site clearly was admissible in evidence under the shopbook rule (CPLR 4518; cf. *Yeargans* v. *Yeargans*, 24 A D 2d 280, 282; *Trbovich* v. *Burke*, 234 App. Div. 384) and it was error to exclude it.