■ ROBERT CROSBY, Appellant, v JEFFREY B. STONE et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered November 17, 1986, which, upon granting the defendants' motion, made at the close of the evidence, to dismiss so much of the plaintiff's complaint as was based on the theory of res ipsa loquitur, and upon a jury verdict in favor of the defendants on the issue of common-law negligence, in effect, dismissed the entire complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

On appeal the plaintiff contends, *inter alia,* that it was error for the trial court to dismiss, at the close of the defendants' case, that portion of the complaint which sought recovery on the theory of res ipsa loquitur. The plaintiff was injured when the rear porch of the defendants' home, onto which he had stepped, suddenly collapsed. The porch deck consisted of three slabs of "bluestone", each three feet long and two feet wide, which rested on and were cemented to walls of concrete block. The plaintiff's expert witness (a civil engineer) testified that the porch had been improperly designed and constructed because the bluestone slabs were not properly supported from beneath since only their ends rested on the concrete walls. The defendants testified that the porch had been in existence when they purchased the house in 1978 and except for minor

repairs, there had been no alterations made to its structure. Between 1978 and July 1983 when the accident occurred, the defendants had used the porch on an almost daily basis and there had never been any problems with it.

The trial court dismissed the cause of action based on the doctrine of res ipsa loquitur because the plaintiff had failed to establish that the porch was under the exclusive control of the defendants. The plaintiff argues that exclusive control was clearly established since the defendants had purchased the house in 1978 and therefore had control over the porch until 1983 when the accident occurred. However, the requirement of exclusive control is not generally applied as it is literally stated or as a fixed, mechanical or rigid rule *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 227). "The exclusive control requirement, as generally understood, is that the evidence 'must afford a rational basis for concluding that the cause of the accident was probably "such that the defendant would be responsible for any negligence connected with it." ' (2 Harper and James, Torts § 19.7, at 1086, quoting Prosser, *Res Ipsa Loquitur in California,* 37 Cal L Rev 183, 201 [1949].) The purpose is simply to eliminate within reason all explanations for the injury other than the defendant's negligence *(see,* Prosser and Keeton, Torts § 39, at 248-251 [5th ed]; *see, e.g., Zentz v Coca Cola Bottling Co.,* 39 Cal 2d 436, 247 P2d 344, *supra).* The requirement does not mean that 'the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door.' (2 Harper and James, Torts § 19.7, at 1086)" *(Dermatossian v New York City Tr. Auth., supra,* at 227).

Here, the testimony of the plaintiff's expert revealed that the most likely cause of the plaintiff's injury was the defective design and construction of the porch, which was built before the defendants purchased the house. It therefore cannot be said that the evidence afforded a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it *(see, Dermatossian v New York City Tr. Auth., supra).* Where, as here, the defendants took control of the porch after the negligent act was committed there is simply no basis to conclude that they had exclusive control as defined for the purposes of res ipsa loquitur *(cf., Dermatossian v New York City Tr. Auth., supra; Zentz v Coca Cola Bottling Co.,* 39 Cal 2d 436, 247 P2d 344, *supra).*

The plaintiff further contends that the court committed

reversible error when it allowed the defendant Jeffrey Stone to testify that an inspection by an engineer, in April 1978, revealed no serious problems with the structural soundness of the house and its appurtenances. However, since the testimony in question was based on observations made by the defendant when he accompanied the engineer on the inspection there was no violation of the hearsay rule. Neither was it error for the court to refuse to give the jury a missing witness charge because the defendants failed to call their former maid and the engineer as witnesses on their behalf. The record reveals that neither witness was under the control of the defendants *(see, Wilson v Bodian,* 130 AD2d 221; *Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647). The plaintiff's claim that portions of the jury charge were prejudicial to him is devoid of merit. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.