■ WILLIAM C. DUNCAN et al., Appellants, v LOUIS CORBETTA, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered January 3, 1990, which, upon a jury verdict, is in favor of the defendant, *inter alia,* dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff William C. Duncan was injured when he began to descend a wooden exterior stairway at the defendant's residence and the top step collapsed. The court erred by precluding the plaintiffs' expert from testifying that it was common practice to use pressure-treated lumber in the construction of such stairways, even though the nonpressure-treated lumber used was permissible under the applicable building code. Proof of a general custom and usage is admissible because it tends to establish a standard by which ordinary care may be judged even where an ordinance prescribes certain minimum safety requirements which the custom exceeds *(see, Carrion v Eastern Elevator Co.,* 34 AD2d 1004, 1005, *affd* 29 NY2d 774; *Sherman v Lowenstein & Sons,* 28 AD2d

922). However, no significant prejudice resulted from the error. The plaintiffs failed to establish that the defendant had a role in the design or construction of the stairway. Thus, the standard of care in construction was irrelevant to an assessment of the defendant's negligence under the facts of this case. Insofar as the materials used may have been relevant to an assessment of the defendant's duty to maintain or repair the stairs, the plaintiffs' expert was permitted to testify that the type of wood used required special maintenance.

In addition, the court properly declined to charge res ipsa loquitur. The testimony of the plaintiffs' expert that the deck was improperly designed and constructed prior to the defendant's ownership and control, rendered inappropriate any inference that the defendant was responsible for the accident based on res ipsa loquitur *(see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *Abbott v Page Airways,* 23 NY2d 502, 511; *Crosby v Stone,* 137 AD2d 785). The issue of whether the defendant may have failed to exercise due care in the maintenance or repair of the stairs was properly considered by the jury without a charge on res ipsa loquitur. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.