■ John Thomas, Appellant, v New York University Medical Center et al., Respondents. [725 NYS2d 35] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered March 9, 2000, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of negligence and/or medical malpractice, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff, who was unconscious from the administration of general anesthesia, was injured when the lower part of his body slid off the operating table during an operation at New York University Medical Center. As a result of the fall, plaintiff's head was pulled out of a head-stabilizing device known as a Mayfair three-pin headholder, causing his head to be lacerated by one of the pins. It also appears uncontroverted that plaintiff suffered trauma to his neck and required mechanical assistance to breathe for six days following the accident.

Seeking partial summary judgment on the issue of liability, and relying upon the doctrine of res ipsa loquitur, plaintiff submitted, *inter alia*, his hospital records in support of the motion. These records indicate that the accident occurred when plaintiff was being turned on the table to provide further visualization of the surgical area. Additionally, there was an indication that the accident occurred as a result of the operating table being tilted at an extreme angle. Defendants' sole submission in opposition to the motion was an affirmation of their attorney. Contrary to the conclusion reached by Supreme Court, we believe that summary judgment on the issue of liability is warranted.

Generally, the doctrine of res ipsa loquitur permits but does not compel an inference of negligence (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 495). However, where a plaintiff's "prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted, summary judgment on liability is proper" (*Salter v Deaconess Family Medicine Ctr.*, 267 AD2d 976, 977; *see also George Foltis, Inc. v City of New York*, 287 NY 108, 121). Here, it can hardly be debated that anesthetized patients do not fall from operating tables in the absence of negligence. In view of this, it was incumbent upon defendants, who were in joint and exclusive control of plaintiff, to explain their conduct in the operating room (*see, Schroeder v City & County Sav. Bank*, 293 NY 370; *Kerber v Sarles*, 151 AD2d 1031, 1032) and their failure to do so mandated summary judgment.

Finally, although Supreme Court concluded that plaintiff failed to establish that Dr. Babu was present during the operation and at the time of the accident, the operation summary report indicates otherwise. Accordingly, if Dr. Babu sought to be relieved of liability, it was incumbent upon him to come forward with evidence on the matter, which he failed to do. Concur—Andrias, J. P., Rubin, Saxe and Friedman, JJ.