■ JANICE EDMONDS, Appellant, v CITY OF YONKERS et al., Respondents. [743 NYS2d 117] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated February 9, 2001, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff entered the defendant Peter Chema Senior Center, a public facility owned and operated by the defendant City of Yonkers (hereinafter collectively the defendants) to use the bathroom. She sustained personal injuries when the toilet she was seated on in the handicapped stall collapsed and shattered, causing her to fall to the floor.

It is well settled that to apply the doctrine of res ipsa loquitur, three conditions must be met: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence, (2) it must be caused by an instrumentality within the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 494; *Thompson v Pizza Hut of Am.,* 262 AD2d 302, 303). With respect to exclusivity of control, it is not necessary for a plaintiff to establish that there was a single person or entity in control of the item that caused the accident (*see Butti v Rollins,* 133 AD2d 205). However, there must be a showing of "sufficient exclusivity to fairly rule out the chance that any purported defect * * * was caused by some agency other than the defendant's negligence" (*Raimondi v New York Racing Assn.,* 213 AD2d 708, 709; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 228).

Here, the proof did not adequately exclude the chance that the toilet in the bathroom which was used by the general public on a daily basis had been damaged by someone other than the defendants. Accordingly, since the plaintiff failed to demonstrate evidence which would support an inference that the defendants had exclusive control of the injury-causing instrumentality, the defendants' motion for summary judgment was properly granted. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.