OPINION OF THE COURT
Per Curiam.
Order entered November 4, 2002 reversed, with $10 costs, motion denied, and the complaint and third-party complaint are reinstated.
Plaintiff was injured while attending an educational seminar held in an auditorium located on the campus of the Mount Sinai Medical Center when a metal handrailing that she was holding “gave way” and “came off,” causing her to fall backwards. In the ensuing negligence action, defendants moved for summary judgment for lack of proof that they created the defective condition or had actual or constructive notice thereof. Plaintiff invoked the doctrine of res ipsa loquitur, which requires proof that the accident was of a kind that ordinarily does not occur in the absence of negligence, that it was caused by an agency or instrumentality within the exclusive control of the defendant(s), and that it was not due to any voluntary action or contribution on the part of the plaintiff (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]).
The first and third elements of plaintiffs res ipsa loquitur claim were clearly established and, indeed, are not now challenged by defendants on appeal. A protective handrailing of the type here involved “do[es] not generally fall in the absence of negligence (e.g., improper installation, maintenance or repair), and the mere act of [holding onto the railing] does not make the accident plaintiffs fault or put the [railing] under plaintiffs control” (Pavon v Rudin, 254 AD2d 143, 145 [1998]).
With respect to the exclusive control element of the res ipsa loquitur doctrine, plaintiff has raised a triable issue as to whether the defendants’ control of the railing was of “sufficient exclusivity to fairly rule out the chance that the defect was caused by some agency other than [defendants’] negligence” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]; see O’Connor v Circuit City Stores, Inc., 14 AD3d 676, *49 678 [2005]). Significantly, the railing was located in the rear of a private auditorium which, as defendants’ own submission below indicates, is made available not to the general public, but only for special events hosted by a limited number of “organizations with which [defendants] have a working relationship.” The restricted nature of the public’s access to the injuring instrumentality serves to preclude a finding, as a matter of law, that defendants lacked exclusive control over the handrailing and to distinguish this case from the cases relied upon by defendants and the motion court in which the defective items were routinely exposed to significant public traffic (see e.g. Dermatossian v New York City Tr. Auth., 67 NY2d 219 [1986], supra [public bus grab handle continuously available for use by passengers]; Edmonds v City of Yonkers, 294 AD2d 330 [2002], lv denied 98 NY2d 612 [2002] [toilet in bathroom used by general public on a daily basis]; Rivera-Emerling v M. Fortunoff of Westbury Corp., 281 AD2d 215 [2001] [chair located on open sales floor to which innumerable shoppers had access]). Nor is the mere possibility that a vandal could have gained access to the private auditorium and tampered with the handrailing — a supposition unsupported by any record evidence — enough to reject plaintiffs assertion of res ipsa loquitur at this stage in the litigation (see Pavon v Rudin, 254 AD2d at 145-146).
We note finally that the November 1, 2001 discovery sanctions order precluding plaintiff from offering evidence at trial relating to the third-party defendants’ negligent installation of the handrailing does not foreclose plaintiff from pursuing her claim that defendants were negligent in failing to reasonably inspect and maintain the premises. Accordingly, the complaint should be reinstated, and the third-party complaint should be reinstated as it is derivative of the main action.
McCooe, J.E, Davis and Schoenfeld, JJ., concur.