*24 OPINION OF THE COURT
Per Curiam.
Judgment, entered October 3, 2003, reversed, and the matter remanded for a new trial, with $30 costs to abide the event.
The injured plaintiff, a meter reader for Consolidated Edison, fell while descending a wooden staircase leading to the basement of residential premises owned by defendant. Plaintiff’s testimony tended to indicate that a recurring leak in the area had rotted the steps and handrail, causing them to collapse. Defendant offered no evidence at trial with respect to liability.
Plaintiffs’ request for a jury charge on res ipsa loquitur was improperly denied on the ground that the doctrine is inapplicable where “the plaintiffs witnesses gave a complete explanation of why this accident happened.”
A plaintiff who elicits proof of specific acts of negligence can also seek to use the inference of res ipsa loquitur, unless the two alternate modes of proof are fundamentally or inherently inconsistent (see Abbott v Page Airways, 23 NY2d 502, 511-514 [1969]). Here, the evidence of specific acts of negligence did not contradict or overcome the inference of res ipsa (cf. Duncan v Corbetta, 178 AD2d 459 [1991]). Morever, even though some of the circumstances of the accident are undisputed, the actual and specific causes of the collapse were not firmly established (see Bonura v KWK Assoc., 2 AD3d 207 [2003]).
To invoke the doctrine of res ipsa loquitur, the plaintiff must establish that the accident was not of a kind ordinarily occurring in the absence of negligence, that the instrumentality or agency causing the accident was within the defendant’s exclusive control, and that the accident was not due to any voluntary action or contribution by the plaintiff (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). The first and third elements of plaintiffs’ res ipsa claim were clearly established and, indeed, are not now challenged on appeal. Stairs and protective handrailings do not generally collapse and fall apart in the absence of negligence, i.e., due to faulty installation, maintenance or repair, and the mere act of walking down stairs while holding onto the railing does not make the accident plaintiff’s fault or put the stairs and railing under his control (Brisbon v Mount Sinai Hosp., 8 Misc 3d 47, 48 [2005], citing Pavon v Rudin, 254 AD2d 143, 145 [1998]).
*25 With respect to the element of exclusive control, trial testimony that this basement staircase was “infrequently” used by a single tenant was of “sufficient exclusivity to fairly rule out the chance that the defect . . . was caused by some agency other than defendant’s negligence” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]). This is not a case where the public had such unfettered access to the instrumentality of the injury as to render defendant’s control insufficient for a res ipsa loquitur charge to the jury (id.).
Suarez, EJ., Davis and Schoenfeld, JJ., concur.