In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Diamond, J.), dated May 2, 2008, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.
On the morning of September 15, 2005 the infant plaintiff, who attended a school located within the Hicksville Union Free School District, went to her first class of the day. She sat down at a particular desk that had a metal basket beneath it, for students to put their books in. The basket consisted of several thin, metal rods affixed to metal bars beneath the seat. However, one of those rods, which somehow had become detached, was sticking out. The infant plaintiff allegedly was injured when she scraped her leg across the broken metal rod as she sat down.
On their motion for summary judgment dismissing the complaint, the defendants Hicksville U.F.S.D. and Hicksville *626 Middle School established their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that its employees did not cause the rod to become detached, and did not have actual or constructive notice of that allegedly dangerous condition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the School District was negligent (id. at 324). Contrary to the Supreme Court’s determination, under the circumstances, the plaintiffs could not rely on the doctrine of res ipsa loquitur, which, if applicable, would permit a trier of fact to infer that a defendant was negligent (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Kambat v St. Francis Hosp., 89 NY2d 489, 494-495 [1997]). To invoke the doctrine, a plaintiff must establish, among other things, that the injury-causing event was caused by an agency or instrumentality within the defendant’s exclusive control (see Morejon v Rais Constr. Co., 7 NY3d at 209; Corcoran v Banner Super Mkt., 19 NY2d 425, 430 [1967]). Here, however, the plaintiffs failed to offer any evidence from which it could be found that the broken rod, which was part of a desk to which numerous students had access, was under the defendants’ exclusive control (see Fernandez v Ramos, 300 AD2d 348, 348-349 [2002]; cf. Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537, 538 [2006]; Edmonds v City of Yonkers, 294 AD2d 330 [2002]). Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Santucci, J.R, Covello, Leventhal and Belen, JJ., concur.