■ Donald Champagne, Appellant, v Linda Peck, Respondent. [872 NYS2d 836]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 8, 2008 in a personal injury action. The order granted the motion of defendant for summary judgment, dismissed the complaint and denied the cross motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a plumber, commenced this action seeking to recover damages for injuries he sustained when the top tread on the basement stairs of a home owned by defendant collapsed as he was descending the stairs to perform work in the basement. Supreme Court erred in granting the motion of defendant for summary judgment dismissing the complaint, and we therefore modify the order accordingly. Defendant met her initial burden by establishing that she neither created nor had actual or constructive notice of the allegedly dangerous condition of the stairs (*see Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376 [2008]; *see generally Di Sanza v City of New York*, 11 NY3d 766 [2008]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Rios v New York City Hous. Auth.*, 48 AD3d 661, 662 [2008]). We conclude, however, that the photographs of the staircase and an expert's affidavit submitted by plaintiff in opposition to the motion were sufficient to raise a triable issue of fact whether defendant created or had constructive notice of the allegedly defective stairs (*see generally Gordon*, 67 NY2d at 837-838).

We further conclude on the record before us that the doctrine of res ipsa loquitur provides an additional basis for denying defendant's motion (*see Torres v Cordice*, 11 Misc 3d 23, 24 [2006]; *see generally Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). This, however, is not an "exceptional case in which no facts are left for determination," and thus the court properly denied plaintiff's cross motion for summary judgment (*Morejon*, 7 NY3d at 212). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.