Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 17, 2008, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Federico’s Salon Inc. (Federico’s) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff, as subrogee of Oxxford Clothes, seeks to recover for property damage resulting when a toilet on the unoccupied fourth floor of the commercial building in which Oxxford was a tenant became clogged and overflowed, flooding Oxxford’s store and destroying its inventory. At the time, Federico’s leased the fifth floor of the building and was renovating its space.
Federico’s made a prima facie showing of entitlement to judgment as a matter of law, as it demonstrated that no negligence on its part contributed to the leak. In opposition, plaintiff sought to rely on the doctrine of res ipsa loquitur, which the motion court correctly determined was inapplicable. Even assuming that the evidence was sufficient to support a finding that the toilet malfunction was of a type caused by negligence, plaintiff failed to present competent evidence that Federico’s control of the fourth-floor bathroom was of “sufficient exclusivity to fairly rule out the chance that the defect . . . was caused by some agency other than [its] negligence” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]; see Edmonds v City of *522 Yonkers, 294 AD2d 330 [2002], lv denied 98 NY2d 612 [2002]). Indeed, the evidence shows that Federico’s did not control any portion of the fourth floor, but was occasionally allowed access when the elevator or emergency stairwell door was left unlocked. When the doors were unlocked, the building porter, real estate agents, and the independent contractors retained by Federico’s had access to the fourth-floor bathroom. Furthermore, to the extent the evidence permits an inference that the contractors hired by Federico’s negligently disposed of debris in the toilet, it is well established that “an employer who hires an independent contractor is not liable for the independent contractor’s negligent acts” (Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]), and plaintiff provides no reason to depart from this general rule. Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.