*542 In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated July 9, 2009, which granted the defendant’s motion for summary judgment dismissing the complaint and denied their cross motion to strike the answer pursuant to CPLR 3126 based on spoliation of evidence.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant’s motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs.
The plaintiff Kristen Hoffman (hereinafter the plaintiff) allegedly fell on a stairway leading from the ground to a landing outside the back door of a church owned by the defendant. According to the plaintiffs deposition testimony, the fall occurred when a wooden tread that was part of the stairway detached from the adjoining stringers and collapsed.
The plaintiff and her husband, suing derivatively, commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that it neither created nor had actual or constructive notice of the alleged defective condition of the stairs. The plaintiffs opposed the motion and cross-moved to strike the defendant’s answer pursuant to CPLR 3126 based on spoliation of evidence, as the collapsed tread was discarded by the defendant. The plaintiffs alleged that the defendant had constructive notice of the alleged defect and was otherwise negligent in failing to conduct a reasonable inspection of the stairs. In addition, the plaintiffs invoked the doctrine of res ipsa loquitur, contending that this type of accident would not normally occur absent negligence.
A property owner is subject to liability for a defective condition on its premises if a plaintiff demonstrates that the owner either created the alleged defect or had actual or constructive notice of it (see Betz v Daniel Conti, Inc., 69 AD3d 545 [2010]; Roy v City of New York, 65 AD3d 1030 [2009]). However, where, as here, “an object capable of deteriorating is concealed from view, a property owner’s duty of reasonable care entails periodic inspection of the area of potential defect” (Hayes v Riverbend *543 Hous. Co., Inc., 40 AD3d 500, 501 [2007]; see Mirkinson v Stonehill Realty Corp., 53 AD3d 534 [2008]; Personius v Mann, 20 AD3d 616, 619 [2005], mod 5 NY3d 857 [2005]).
Here, examination of the postaccident condition of the stairway, as reflected in certain photographs in the record, would permit a finder of fact to infer that the wooden step in question had detached due, in whole or in part, to screws or nails that had become rusty over time and discolored the wood, and which could no longer adequately support the weight to which the step was periodically subjected. At the plaintiff’s deposition, she testified that she observed a nail that had apparently been part of the step’s supporting structure “disintegrate” or “pretty much crumble[ ]” in the hand of a police officer who arrived after the accident. This evidence permitted an inference that even a nonprofessional inspection ought to have revealed to a reasonable landowner either the existence of a dangerous condition or, at the very least, the need to conduct a professional inspection. Therefore, there is a question of fact as to whether the defendant failed in its obligation to make a reasonable inspection (see Colon v Bet Torah, Inc., 66 AD3d 731 [2009]; Seivert v Kingpin Enters., Inc., 55 AD3d 1406 [2008]).
Contrary to the determination of the Supreme Court, there is also a triable issue of fact as to the liability of the defendant under the doctrine of res ipsa loquitur (see Gaspard v Barkly Coverage Corp., 65 AD3d 1188, 1189 [2009]; Champagne v Peck, 59 AD3d 1130 [2009]; Finocchio v Crest Hollow Club at Wood-bury, 184 AD2d 491 [1992]; Duncan v Corbetta, 178 AD2d 459 [1991]; Parsons v State of New York, 31 AD2d 596 [1968]). The record indicates that the staircase in question led to a back entrance of the church to which the public did not have unfettered access (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]; Torres v Cordice, 11 Misc 3d 23, 24-25 [2006]).
Under these circumstances, the defendant’s motion should have been denied based on the defendant’s failure to make a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
However, the Supreme Court properly denied the plaintiffs’ cross motion to strike the answer based upon the fact that the defendant discarded the actual tread which collapsed, since the photographic and expert evidence, in addition to the plaintiffs own deposition testimony as to the dynamics of the accident, indicate that the absence of the missing evidence would not deprive the plaintiff of the ability to establish her case (see *544 Gotto v Ensebe-Carter, 69 AD3d 566 [2010]; Denoyelles v Gallagher, 40 AD3d 1027 [2007]). We therefore reject the plaintiffs’ argument that the defendant’s spoliation of this evidence warrants striking of the answer.
The defendant’s remaining contention is without merit. Skelos, J.E, Hall, Roman and Sgroi, JJ., concur.