Valdez v Upper Creston, LLC (2022 NY Slip Op 00367)





Valdez v Upper Creston, LLC


2022 NY Slip Op 00367


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 28096/17E Appeal No. 15052 Case No. 2021-01676 

[*1]Entrice Valdez, Plaintiff-Respondent,
v
Upper Creston, LLC, et al., Defendants, Geo Reentry, Inc., et al., Defendants-Appellants.


Lawrence, Worden, Rainis, & Bard, P.C., Melville (Michael E. Shay of counsel), for appellants.
Roth & Khalife, LLP, New York (Ronald H. Roth of counsel), for respondent.



Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered April 28, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on the issue of liability as against defendant Geo Reentry, Inc., unanimously affirmed, without costs.
Plaintiff was injured when she was a resident of a halfway home in a building owned by defendant Upper Creston, LLC, and maintained, managed, operated, and controlled by defendants Geo Reentry, Inc. and Cornell Companies, Inc. Plaintiff had finished using the facilities in the residence's bathroom when she she reached for a paper towel located above the toilet seat; as she did so, she stepped on a drain cover on the floor. The drain cover then collapsed under her foot, causing her to twist her ankle and fall.
Plaintiff moved for summary judgment based on the doctrine of res ipsa loquitur,
arguing that the evidence demonstrated defendant's unequivocal liability. Under that doctrine, an inference of negligence may be drawn solely from the happening of the accident upon the theory that certain occurrences contain within themselves a sufficient basis for an inference of negligence (see Dermatossian v New York Tr. Auth., 67 NY2d 219, 226 [1986]). "[W]here a plaintiff's 'prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted, summary judgment on liability is proper'" (Thomas v New York Univ. Med. Ctr., 283 AD2d 316, 317 [1st Dept 2001], quoting Salter v Deaconess Family Medicine Ctr., 267 AD2d 976, 977 [4th Dept 1999]).
Res ipsa loquitur applies when a plaintiff establishes: (1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff (see Dermatossian, 67 NY2d at 226, citing Corcoran v Banner Super Market, 19 NY2d 425, 430, mod on remittitur 21 NY2d 793, quoting Prosser & Keeton, Torts § 39 at 218 [3d ed]).
The unrebutted record evidence demonstrates that the three elements of the doctrine of res ipsa loquitur were satisfied. To begin, drain covers do not collapse under a person's foot without someone's negligence. Furthermore, it has been established that Geo Reentry and Cornell Company were in exclusive control of the bathroom and its drain cover, and defendant's suggestion that other residents using the bathroom would have removed their exclusive control is mere speculation (see Torres v Cordice, 11 Misc 3d 23, 25 [App Term, 1st Dept 2006]). Finally, plaintiff's uncontradicted testimony demonstrates that the accident was not caused by any voluntary action or contribution on her part (see Sterbinsky v 780 Riverside Dr., LLC, 139 AD3d 458, 458 [1st Dept 2016]; O'Connor v 72 St. E. Corp., 224 AD2d 246, 247 [1st Dept 1996]).
Where a plaintiff's prima [*2]facie evidence is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted, summary judgment on liability is proper (see Thomas v New York Univ. Med. Ctr., 283 AD2d 316, 317 [1st Dept 2001]). Here, plaintiff's testimony regarding the cause of the accident is uncontradicted; she twisted her ankle and fell when the drain cover collapsed after she stepped on it. Defendants did not present any evidence to suggest any other plausible explanation for the accident. Moreover, defendant's claimed lack of notice is unavailing, as notice is inferred when the doctrine of res ipsa loquitur applies (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 163 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022