■ Iva Kelly, Respondent, v Metro-North Commuter Railroad, Appellant. [902 NYS2d 78]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 23, 2009, which denied defendant's motion to preclude the testimony of certain expert witnesses for plaintiff, or at least to hold a pretrial hearing to probe the admissibility of their testimony, unanimously modified, on the law, to permit defendant to seek a ruling from the trial court as to the admissibility of certain expert testimony, and otherwise affirmed, without costs.

Plaintiff was employed by defendant from 1985 to 1995 in various positions in which her duties included writing and computer data entry. She commenced this action in 1997, alleging that her job activities caused trauma to her hands, wrists and arms, and as a result, she developed bilateral carpal tunnel syndrome (CTS). Plaintiff seeks damages based on her claim that under the Federal Employers' Liability Act (45 USC § 51 *et seq.*), defendant is liable for not providing her with a reasonably safe place to work.

During discovery, plaintiff advised defendant that she planned to call Michael Shinnick, Ed.D., as an expert witness in ergonomics, who would testify that defendant failed to provide plaintiff with a reasonably safe place to work and that her occupation caused or contributed to her CTS. Plaintiff later furnished defendant with Dr. Shinnick's preliminary report, in which he concluded that defendant had not met industry standards for ergonomic safety programs. Plaintiff also advised defendant that she planned to call treating physicians as experts regarding her medical treatment.

In August 2008, defendant moved for an order precluding Dr. Shinnick's and the physicians' testimony and dismissing the complaint, or for a *"Frye/Daubert"*[1] hearing concerning the testimony. Defendant characterized Dr. Shinnick's testimony as "incredible" because plaintiff had not retained him until 13 years after she stopped working for defendant, and because he drew his conclusions without performing any tests or reviewing any physical or photographic evidence of defendant's work site. Defendant further argued that it "presumed" that the physician witnesses would diagnose plaintiff with CTS and state that it was caused by her work for defendant. According to defendant, the medical doctors' testimony about causation would "not meet the standards set" in *Frye*.

The court denied the motion both as to preclusion and a hearing. As to whether the physicians' causation testimony should be precluded, the court stated that it would "let the trial Judge decide." The court added that a *Frye* hearing was unnecessary because "There's a lot of medical testimony both ways . . . on these issues dealing with carpal tunnel," which has created "a battle of the experts" that should be tried before a jury. In addition, the court ruled that a *Frye* hearing was an improper vehi-

---

**1.** New York courts adhere to the so-called *Frye* standard of admissibility for new scientific theories and methodologies, and not the *Daubert* standard that the federal courts have adopted (*see People v Wesley*, 83 NY2d 417 [1994], affirming the continuing vitality in this state of the standard set forth in *Frye v United States*, 293 F 1013 [DC Cir 1923]).

cle to address defendant's claim that Dr. Shinnick's opinion lacked a foundation in fact. The court first held that defendant should make a motion in limine before the trial court to preclude the opinion, but then ruled that defendant could not ask the trial court to reconsider the evidentiary ruling: "If this issue comes up again in front of the trial Judge, that is the law of the case; no *Frye* hearing, no preclusion."

While an evidentiary ruling made before trial is generally reviewable only in connection with an appeal from the judgment rendered after trial (*Weatherbee Constr. Corp. v Miele*, 270 AD2d 182 [2000]), it was error for the motion court to preclude defendant from re-raising the evidentiary issues before the trial court. A motion court's evidentiary ruling before trial does not foreclose a related application to the trial court, which is always empowered to determine whether an expert is qualified to testify (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]), and whether a proper foundation exists for the expert's testimony (*see generally Caton v Doug Urban Constr. Co.*, 65 NY2d 909, 911 [1985]; *see also Hassett v Long Is. R.R. Co.*, 6 Misc 3d 168 [2004]).

Moreover, legitimate questions were raised about both the basis for the experts' causation opinions and Dr. Shinnick's methodology.[2] Accordingly, the motion court should not have precluded an appropriate inquiry as to foundation or methodology (*see Parker v Mobil Oil Corp.*, 7 NY3d 434 [2006]). Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.

---

**2.** The National Institute of Neurological Disorders and Stroke, in its Fact Sheet concerning CTS, states: "There is little clinical data to prove whether repetitive and forceful movements of the hand and wrist during work or leisure activities can cause [CTS]" (*see* National Institute of Neurological Disorders and Stroke, Carpal Tunnel Syndrome Fact Sheet, http://www.ninds.nih.gov/disorders/carpal_tunnel/detail_carpal_tunnel.htm [last updated Dec. 18, 2009]).