Hegbeli v TJX Cos., Inc. (2022 NY Slip Op 00502)





Hegbeli v TJX Cos., Inc.


2022 NY Slip Op 00502


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Index No. 160355/16 Appeal No. 15169 Case No. 2021-01681 

[*1]Eugenia Hegbeli, Plaintiff-Appellant,
v TJX Cos., Inc., Defendant-Respondent.


Law Offices of Donald M. Zolin, New York (Donald M. Zolin of counsel), for appellant.
Weiner Law Group LLP, New York (Philip H. Ziegler of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered on or about October 21, 2020, which denied plaintiff's motion to set aside the jury verdict in favor of defendant and enter judgment notwithstanding the verdict or order a new trial, unanimously reversed, on the law, without costs, and the motion to set aside the verdict and order a new trial granted.
The court correctly denied plaintiff's request for a charge pursuant to res ipsa loquitur, as the table that plaintiff testified fell and injured her was situated on an open sales floor in the store and therefore was not in the exclusive control of defendant (see Rivera-Emerling v M. Fortunoff of Westbury Corp., 281 AD2d 215, 217 [1st Dept 2001]).
However, the court erred in declining to give an adverse inference charge with respect to a missing video surveillance tape. An order stating that plaintiff was entitled to such a charge had been issued during discovery upon plaintiff's motion for sanctions pursuant to CPLR 3126. Thus, the adverse inference charge was a discovery sanction, not a prospective evidentiary ruling (compare e.g. Kelly v Metro North Commuter R.R., 74 AD3d 483 [1st Dept 2010]; Diller v Munzer, 141 AD3d 630 [2d Dept 2016]). While the verdict is supported by sufficient evidence, that error was not harmless.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022