HARTFORD INSURANCE COMPANY, INC., Appellant, v GENERAL ACCIDENT GROUP INSURANCE COMPANY, INC., Respondent.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: Supreme Court erred in granting summary judgment dismissing plaintiff's causes of action that alleged bad faith settlement negotiations by defendant. There is ample evidence upon which a jury could find that defendant, as primary insurance carrier, negotiated in bad faith by not timely offering its policy limits thereby depriving plaintiff of an opportunity to negotiate a more favorable settlement. We further find that there is sufficient evidence in the record to support plaintiff's claim that it was damaged by defendant's bad faith negotiations. The original attorney for the plaintiff testified that he and his clients would have accepted $1,000,000, rather than the ultimate settlement amount of $1,350,000, if it had been offered prior to trial. Contrary to Supreme Court's conclusion, that testimony is neither remote nor speculative, but rather constitutes direct evidence on the issue of damages. Likewise, the testimony of plaintiff's representative that, had defendant timely offered its policy limits, it would have offered $500,000, resulting in a $1,000,000 settlement offer, is not unsupported or speculative. The record shows that, as soon as defendant offered its policy limits, plaintiff offered $500,000. Further, plaintiff was under no

obligation to come forth with an offer until defendant had relinquished its control of the negotiation process by offering its policy. The credibility of the testimony of plaintiff's witnesses and its probative value is not to be resolved on a summary judgment motion, but rather is for the jury's determination *(see, Consolidated Edison Co. v Jet Asphalt Corp.,* 132 AD2d 296, 299; *Missan v Schoenfeld,* 95 AD2d 198, 207). Viewing, as we must, the evidence of the nonmoving party as true and granting it every favorable inference, we conclude that there exists a triable issue of fact whether plaintiff sustained damages and therefore summary judgment must be denied *(see, Hourigan v McGarry,* 106 AD2d 845; *see also, Valentine v Aetna Ins. Co.,* 564 F2d 292 [9th Cir 1977]).

We affirm that portion of Supreme Court's order that dismissed plaintiff's fourth cause of action based on alleged violations of Insurance Law § 2601. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.