[635 NYS2d 990]

Donald R. Weller, Appellant, v Colleges of the Senecas, Also Known as Hobart and William Smith Colleges, et al., Respondents.

Fourth Department, December 22, 1995

### APPEARANCES OF COUNSEL

*Bond, Schoeneck & King, L. L. P.,* Syracuse, for appellant.

*Saperston & Day, P. C.,* Rochester, for Colleges of the Senecas, respondent.

*Chamberlain, D'Amanda, Oppenheimer & Greenfield,* Rochester, for Marriott Management Services Corp., respondent.

### OPINION OF THE COURT

CALLAHAN, J.

This action arises out of an accident that occurred on September 8, 1989 on the campus of Hobart College. Plaintiff,

a student at the college, was riding his bike on campus at night when he veered off a paved path onto the grass. The front tire struck a tree root causing plaintiff to be catapulted over the handlebars onto the ground. The impact rendered him a quadriplegic.

Plaintiff commenced this negligence action against Colleges of the Senecas, also known as Hobart and William Smith Colleges (Hobart), as landowner, and Marriott Management Services Corp. (Marriott), which was under contract to maintain the buildings and grounds. Hobart served an answer containing the affirmative defenses of assumption of risk and General Obligations Law § 9-103, and a cross claim against Marriott. Marriott served an answer containing an affirmative defense of plaintiff's culpable conduct and a cross claim against Hobart.

Upon completion of discovery, Hobart moved for summary judgment dismissing the complaint and Marriott's cross claim on the grounds that plaintiff assumed the risk of injury, it owed plaintiff no duty to prevent the accident under General Obligations Law § 9-103, and it was not negligent. Marriott moved for summary judgment dismissing the complaint and Hobart's cross claim on the grounds that plaintiff assumed the risk of injury, plaintiff's conduct was the sole proximate cause of the accident, it owed no duty to plaintiff to prevent the accident, and it was not negligent. Plaintiff opposed the motions and cross-moved to dismiss Hobart's affirmative defense of General Obligations Law § 9-103.

Supreme Court granted defendants' motions, denied plaintiff's cross motion and dismissed the complaint. The court concluded that defendants were entitled to summary judgment based on the doctrine of primary assumption of risk, and that Hobart was also entitled to summary judgment based on General Obligations Law § 9-103.

■■ Plaintiff contends that the doctrine of primary assumption of risk does not apply because this action is based, not upon an inherent known risk of bicycling on a college campus, but upon the negligence of defendants in creating and maintaining an unlighted "desired pathway" containing a concealed root. Plaintiff contends that hitting a tree root is not a risk inherent in bicycling on campus but, even if it is, the doctrine of primary assumption of risk does not apply because he did not know of the existence of the root. Plaintiff also contends that defendants owed him a duty to exercise reasonable care

under the circumstances and that a jury could find that the duty included the obligation to inspect the desired pathway for hazards. We agree.

██ There are two distinct doctrines of assumption of risk *(see, Rodriguez v New York City Hous. Auth.,* 211 AD2d 328, 333; *Lamey v Foley,* 188 AD2d 157, 163). The first is not an absolute defense, but rather, is based on comparative fault and reduces the recovery of plaintiff in the proportion that his culpable conduct contributed to the accident *(see,* CPLR 1411; *Turcotte v Fell,* 68 NY2d 432, 438; *Rodriguez v New York City Hous. Auth., supra; Lamey v Foley, supra).* The second, primary assumption of risk, is based on principles of duty and is a complete bar to recovery *(see, Turcotte v Fell, supra,* at 437-439; *Cohen v Heritage Motor Tours,* 205 AD2d 105, 108; *Lamey v Foley, supra,* at 163).

The doctrine of primary assumption of risk generally applies to situations in which the plaintiff is injured while voluntarily participating in a sporting or entertainment activity and the injury-causing event is a known, apparent or reasonably fore-seeable consequence of participation *(Turcotte v Fell, supra,* at 439; *Cohen v Heritage Motor Tours, supra; Lamey v Foley, supra).* The plaintiff's informed consent to the risks inherent in participating in the activity relieves the defendant of its duty of reasonable care to the plaintiff *(see, Turcotte v Fell, supra,* at 438).

"To establish plaintiff's assumption of risk, a defendant must show that plaintiff was aware of the defective or dangerous condition and the resultant risk, although it is not necessary to demonstrate that plaintiff foresaw the exact manner in which his injury occurred" *(Lamey v Foley, supra,* at 164, citing *Maddox v City of New York,* 66 NY2d 270, 278). Probably the most important factor in determining whether a plaintiff assumed the risk of injury is whether the risk is inherent in the activity *(see, Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970; *Lamey v Foley, supra).* Generally, individuals consent to injury-causing events that are known, apparent or reasonably foreseeable consequences of participation, but do not consent to unassumed, concealed or unreasonably increased risks *(see, Lamey v Foley, supra,* at 163-164). If "the risks are fully comprehended or obvious and the plaintiff has consented to them, the defendant has satisfied its only duty of care which is to make the conditions as safe as they appear to be" *(Cohen v Heritage Motor Tours, supra,* at 108; *see, Turcotte v Fell, supra,* at 438-439).

Hobart and Marriott have the burden to establish as a matter of law that plaintiff's action is barred by the doctrine of pri-

mary assumption of risk *(see, Adams v Rochester Gas & Elec. Corp.,* 191 AD2d 960). Generally, whether the plaintiff assumed a risk by participating in a sport is a question for the jury; dismissal of the complaint is appropriate only when the proof before the court reveals no triable issue of fact *(see, McKenney v Dominick,* 190 AD2d 1021). Of course, in the procedural posture of a summary judgment motion by defendants, the court must accept plaintiff's evidence as true and grant it every favorable inference *(see, e.g., Hartford Ins. Co. v General Acc. Group Ins. Co.,* 177 AD2d 1046, 1047).

In this case, plaintiff testified at an examination before trial that, although he had biked between the two trees on prior occasions, the first time he noticed the root was a split second before his front tire hit it. Plaintiff averred in an affidavit that Hobart students had created a "desired pathway" between the trees that connected to the paved path. The photographs reveal, contrary to defendants' contentions, that the accident did not occur in the middle of a grassy field.

Marriott's grounds supervisor testified that Marriott's policy was to remove tree roots that presented a tripping hazard and admitted that he was aware that students had created at least one desired pathway off the end of the paved path and that students rode bikes in the area where plaintiff hit the root. Contrary to defendants' contentions, a jury could reasonably find that a tree root is not necessarily an inherent feature of a path adjacent to trees.

Although plaintiff's conduct of riding between the trees after dark may have been ill-advised, based on his prior experience with the alleged desired pathway, we conclude that plaintiff did not assume the risk of hitting a tree root. Rather than constituting primary assumption of risk, plaintiff's voluntary decision to ride between the trees "is simply a factor relevant in the assessment of culpable conduct" *(McKenney v Dominick, supra; see,* CPLR 1411; *Roberts v Ski Roundtop,* 212 AD2d 768; *Rodriguez v New York City Hous. Auth., supra,* at 333; *Henig v Hofstra Univ.,* 160 AD2d 761).

Moreover, just as defendants failed to establish as a matter of law that plaintiff assumed the risk of his injury, they also failed to establish that plaintiff's conduct was the sole proximate cause of the accident, i.e., "an unforeseeable superseding event that absolves defendants of liability" *(Boltax v Joy Day Camp,* 67 NY2d 617, 620). There is a question of fact whether the tree root was an obvious risk of riding a bike between the trees. It cannot be said that plaintiff's conduct was

so reckless, or the risk so obvious, as to absolve defendants of all liability *(cf., Plate v City of Rochester,* 217 AD2d 984; *Lionarons v General Elec. Co.,* 215 AD2d 851, *affd for reasons stated below* 86 NY2d 832).

"A landowner owes a duty to another on his land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" *(Macey v Truman,* 70 NY2d 918, 919, *order amended* 71 NY2d 949). Although plaintiff must establish that he was injured by a dangerous condition on the defendant's property of which the defendant had actual or constructive notice *(see, e.g., Anable v Bollentin,* 175 AD2d 545), if the defendant has a duty to conduct reasonable inspections, the issue of actual or constructive notice is irrelevant *(see, Watson v City of New York,* 184 AD2d 690). Clearly, defendants owed plaintiff, a Hobart student, a duty to keep campus pathways in a reasonably safe condition. Whether defendants breached that duty by failing to discover the tree root is a jury question. The evidence establishes that Hobart and Marriott were aware that students rode bikes on desired pathways.

■ Hobart argues in the alternative that the court properly dismissed the complaint against it based on General Obligations Law § 9-103. We agree. That statute provides that: "an owner, lessee or occupant of premises * * * owes no duty to keep the premises safe for entry or use by others for * * * bicycle riding * * * or to give warning of any hazardous condition * * * on such premises to persons entering for such purposes" (General Obligations Law § 9-103 [1] [a]).

Plaintiff's status as a student does not preclude application of the statute because landowners owe no duty to individuals who "enter or use" their lands for an enumerated recreational activity *(see, Martins v Syracuse Univ.,* 214 AD2d 967). The tuition and student activity fee have no nexus to plaintiff's use of the campus for bike riding. Hobart allows anyone to bike on its campus. Furthermore, plaintiff's purpose in riding his bicycle is irrelevant *(see, Bragg v Genesee County Agric. Socy.,* 84 NY2d 544, 552, n 3; *Farnham v Kittinger,* 83 NY2d 520, 528). Unlike a public park that is open to the public, section 9-103 is properly applied to a private college because the statute encourages the college to permit individuals to pursue recreational activities on the campus.

Accordingly, the order should be modified by denying Marriott's motion for summary judgment based upon the doctrine of primary assumption of risk and reinstating the complaint against Marriott only.

GREEN, J. P., PINE, FALLON and DOERR, JJ., concur.

Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by CALLAHAN, J.