■ JOAN MEEGAN et al., Appellants, v WESTBURY PROPERTY INVESTMENT CO., INC., et al., Respondents. [651 NYS2d 152] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated March 8, 1996, which, upon an order of the same court, entered November 24, 1995, granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint. The plaintiffs' notice of appeal from the order entered November 24, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

According to her deposition testimony, the plaintiff Joan Meegan was injured when the top shelf of a three-tiered display gondola located in the store owned by the defendant M. Fortunoff of Westbury, Inc. (hereinafter Fortunoff), came loose and fell on her. At the time of the occurrence, Ms. Meegan was in a crouching position inspecting merchandise on the bottom shelf of the display.

Under these circumstances, where the general public had unfettered access to the display, it was not within the exclusive control of Fortunoff. Accordingly, submission of the case on the theory of res ipsa loquitur was not warranted (*see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226).

We further conclude that the plaintiffs failed to demonstrate that Fortunoff created the condition which caused the accident or had actual or constructive notice of the condition (*see, Pirillo v Longwood Assocs.,* 179 AD2d 744; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692).

Finally, the complaint was properly dismissed against the defendant Westbury Property Investment Co., Inc. (hereinafter Westbury Property). The plaintiffs did not dispute that West-

bury Property was merely an out-of-possession landowner and that Fortunoff was solely responsible for the maintenance and repair of Fortunoff's retail operations and equipment (see, Suarez v Skateland Presents Laces, 187 AD2d 500). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.