■ MAMIE BLACKMON, Appellant-Respondent, v FAY'S INCORPORATED, Respondent-Appellant. [678 NYS2d 227] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries she

sustained when she cut her foot on a piece of metal protruding from the bottom of a display case in defendant's store. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for partial summary judgment on the issue of liability. Defendant failed to sustain its burden of establishing as a matter of law that it did not have actual or constructive notice of the dangerous condition that caused plaintiff's injury; therefore, the motion was properly denied notwithstanding any inadequacy in the opposing papers (*see, Ayotte v Gervasio,* 81 NY2d 1062; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). With respect to the cross motion, plaintiff failed to sustain her initial burden of establishing as a matter of law that defendant created the condition or had actual or constructive notice of it (*see generally, Mercer v City of New York,* 88 NY2d 955). In support of the cross motion, plaintiff submitted the affidavit of a friend who was with her at the time of the accident. The friend stated that, after the accident, a store employee informed him and plaintiff that "they had had problems like this before". That hearsay statement does not establish plaintiff's entitlement to judgment as a matter of law.

Contrary to plaintiff's assertion, the doctrine of res ipsa loquitur is not applicable because the element of exclusive control is lacking (*see, Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268; *Meegan v Westbury Prop. Inv. Co.,* 234 AD2d 433; *Fleischer v Melmarkets, Inc.,* 174 AD2d 647, 648). We have examined plaintiff's remaining argument and conclude that it is without merit. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.