■ NORMA L. CHINI, Respondent, v WENDCENTRAL CORPORATION INC., Appellant, et al., Defendant. [692 NYS2d 533] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action seeking damages for personal injuries she sustained when the chair on which she was sitting at a restaurant owned by defendants collapsed, causing her to fall to the ground. Supreme Court held that the doctrine of res ipsa loquitur applied and denied defendants' motion for summary judgment dismissing the complaint. That was error. Defendants submitted evidence in support of their motion establishing that the doctrine of res ipsa loquitur is not applicable because the element of exclusive control is lacking (see, Ebanks v New York City Tr. Auth., 70 NY2d 621, 623; Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-228; Blackmon v Fay's Inc., 254 AD2d 719; Raimondi v New York Racing Assn., 213 AD2d 708, 709, lv denied 86 NY2d 707). Defendants' customers had continuous access to the chair. In opposition to the motion, plaintiff failed to establish that defendants' control of the chair was sufficiently exclusive "to fairly rule out the chance that the defect * * * was caused by some agency other than defendant[s'] negligence" (Dermatossian v New York City Tr. Auth., supra, at 228; see, Meegan v Westbury Prop. Inv. Co., 234 AD2d 433; Raimondi v New York Racing Assn., supra). We therefore reverse the order, grant defendants' motion and dismiss the complaint. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present— Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.