(March 13, 2001)

■ JENNIE RIVERA-EMERLING et al., Appellants, v M. FORTUNOFF OF WESTBURY CORP., Respondent. [721 NYS2d 653] —Judgment, Supreme Court, New York County (John Grow, J.), entered May 17, 1999, which, after a jury trial and upon a verdict in favor of defendant on the issue of liability, dismissed

the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded solely for a new trial limited to plaintiffs' strict liability claim.

In this action, plaintiff Jennie Rivera-Emerling was allegedly injured when a folding chair upon which she sat in defendant's store collapsed. According to the trial testimony, plaintiff was interested in purchasing the chair, which was on display for sale, and was invited to sit on it by one of defendant's salesmen. During the course of trial, plaintiffs sought to offer expert testimony to establish that the chair was defectively designed. This, it was asserted, would support plaintiffs' strict products liability claim. After argument on the issue, the court imposed limitations on the scope of the expert's testimony and ruled in advance that the strict liability claim would not be submitted to the jury. In so doing, the court concluded that this theory of liability was not cognizable because plaintiff Jennie Rivera-Emerling had not yet purchased the chair. The court also refused to submit to the jury plaintiffs' failure to warn claim and refused to instruct the jury on the doctrine of res ipsa loquitur. The sole theory of liability submitted to the jury was negligence and, as to this theory, it returned a verdict in favor of defendant.

Concerning plaintiffs' strict products liability claim, where, as here, a product is held out for sale and causes injury to a prospective purchaser who is using the product, a cause of action sounding in strict products liability may be cognizable (*see, Delaney v Towmotor Corp.*, 339 F2d 4; *see also,* Restatement [Second] of Torts § 402A; Restatement [Third] of Torts, Products Liability § 20 [b], and comment *f;* Prosser and Keeton, Torts § 100 at 703 [5th ed]). Accordingly, the court's advance ruling, which effectively precluded plaintiffs from presenting evidence to support their strict products liability claim, was erroneous as it prematurely barred the presentation of any evidence on the subject. A new trial limited to this theory of liability is therefore warranted.

Turning to plaintiffs' claim of error regarding their failure to warn claim, under the circumstances presented, the court's refusal to specifically instruct the jury on this theory does not require a new trial. Examination of the court's instruction on the issue of negligence makes it apparent that the jury, by its verdict, necessarily rejected plaintiffs' claim that a reasonable retailer should have known of the alleged defect in the chair's locking mechanism. As this was an indispensable element of plaintiff's failure to warn claim (*see, Martin v Hacker*, 83 NY2d 1, 11; *Wolfgruber v Upjohn Co.*, 72 AD2d 59, 62, *affd* 52 NY2d

768), any error in failing to instruct the jury on this theory was rendered academic.

Finally, the court properly determined that the doctrine of res ipsa loquitur was not applicable to this action. We note in this regard that, when the accident occurred, the chair was on an open sales floor to which innumerable shoppers had access. Hence, there was no basis for concluding that defendant had exclusive control of the chair (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 228; *Ruggiero v Waldbaum's Supermarkets*, 242 AD2d 268). Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.