■ BARBARA LOIACONO et al., Appellants, v STUYVESANT BAGELS, INC., et al., Respondents. [814 NYS2d 695]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Vitaliano, J.), dated April 25, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for injuries sustained by the plaintiff Barbara Loiacono (hereinafter the injured plaintiff) when the chair she sat on in the defendant bagel shop suddenly collapsed. The defendants moved for summary judgment dismissing the complaint on the ground that they neither created or had actual or constructive notice of the defective condition. The defendants further argued that the injured plaintiff was not entitled to rely upon the doctrine of res ipsa loquitur.

The defendants made a prima facie showing that they neither created nor had actual or constructive notice of the defective condition of the chair (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). The evidence submitted by the injured plaintiff in opposition to the motion raised an issue of fact only as to whether the defendants had a general awareness that a dangerous condition might exist, which is an insufficient predicate for liability in the absence of notice of the particular condition which caused the injured plaintiff's fall (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]). The plaintiffs failed to raise a triable issue of fact as to notice of the particular condition.

Furthermore, the Supreme Court properly concluded that the doctrine of res ipsa loquitur was inapplicable, since the evidence established that the defendants did not have exclusive control over the chair which collapsed (*see Dermatossian v New York City Tr. Auth.,* 67 NY2d 219 [1986]). The defendant bagel shop was open to the public for more than six hours before the plaintiff's accident, and the defendant John DeSimone, one of the owners of the bagel shop, averred in an affidavit in support of the motion, that many customers sat on the chair before the injured plaintiff did (*see Rivera-Emerling v M. Fortunoff of Westbury Corp.,* 281 AD2d 215 [2001]; *Chini v Wendcentral Corp.,* 262 AD2d 940 [1999]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.