■ HOWARD HAYES, Respondent, v RIVERBEND HOUSING COMPANY, INC., et al., Appellants. [836 NYS2d 589]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 5, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff sustained injuries when, in the course of performing repair work at premises owned and managed by defendants, a hot water hose cock suddenly broke, showering the plaintiff with scalding water. The hose cock was located inside a ceiling 18 feet above the floor level. The complaint against the owner and management company sounds only in negligence, and not strict liability under the Labor Law.

The existence of a common-law duty in a negligence case is a threshold question of law for the court (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). The extent of a duty depends on the particular circumstances (*see e.g. Williams v City of New York*, 306 AD2d 203, 205 [2003]). In ruling on a duty as a matter of law, the court is to apply a broad range of societal and policy factors (*see Sheila C. v Povich*, 11 AD3d 120, 125-126 [2004]).

It is not disputed that defendants had no actual notice of the defect. Moreover, "to constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Mere notice of a general or unrelated problem is not enough; the particular defect that caused the damage must have been apparent (*compare Gordon*, 67 NY2d at 838, *with Chianese v Meier*, 98 NY2d 270, 278 [2002]).

Beginning with the Court of Appeals decision in *Basso v Miller*

(40 NY2d 233 [1976]), a unitary standard has governed a landowner's duty to anyone, tenant or visitor. A landowner must act as a reasonable person in maintaining the property in a reasonably safe condition, in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). Where, as here, an object capable of deteriorating is concealed from view, a property owner's duty of reasonable care entails periodic inspection of the area of potential defect (*see Personius v Mann*, 20 AD3d 616, 619 [2005], *affd in relevant part* 5 NY3d 857 [2005]). If no such "program" of inspection is "in place," constructive notice of the defect is "imputed" (*id.*, quoting *Lesser ex rel. Lesser v Camp Wildwood*, 282 F Supp 2d 139, 149 [SD NY 2003]). On the other hand, if the landlord has not violated its inspection obligation, there is no issue as to constructive notice (*compare Lennard v Mendik Realty Corp.*, 33 AD3d 527, 528 [2006], *with Lopez v New York City Hous. Auth.*, 255 AD2d 160 [1998]). While the extent of the duty varies, generally it is one of "reasonable inspection" (*Personius, supra*, 20 AD3d at 617-618; *see also Weller v Colleges of the Senecas*, 217 AD2d 280, 285 [1995]).

Here the evidence establishes that the discharge of that duty would not have disclosed the defect and, accordingly, even if there was a breach of the duty to inspect, it was not causally related to the accident. Indeed, plaintiff's supervisor testified that he personally inspected the pipes in question prior to the incident while standing on a ladder and that he observed no signs of stress or rust on any of the pipes. In addition, plaintiff testified that after the incident, a coworker brought the broken hose cock to the hospital. Plaintiff observed rust at the point where the hose cock was welded into the riser pipe. He later stated that the hose cock was rusted where it was "sweat into" the riser pipe. There was no testimony indicating that this condition was visible prior to the failure of the hose cock union. Given the location of the defect, the affidavit of plaintiff's expert stating that "the rusted condition of the hose cock resulted from a long term deteriorating condition . . ." does not raise a triable issue as to whether a reasonable inspection would have disclosed the defect in advance of the accident. Moreover, this observation is based solely upon the testimony of the plaintiff not on any actual study of the hose cock in question which was discarded by coworkers after the incident. Accordingly, it cannot serve to rebut defendants' contention, as borne out by the testimony of plaintiff's supervisor, that the complained-of defect was not discoverable through reasonable inspection. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.