TAMMY SCOPPETTONE et al., Appellants, v ADJ HOLDING CORPORATION et al., Respondents. [839 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 23, 2006, as granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' causes of action based upon common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Tammy Scoppettone (hereinafter the plaintiff) tripped and fell at the exterior doors (hereinafter the doors), just inside the lobby of premises at 243 Boyle Road in Selden (hereinafter the premises), allegedly sustaining severe injuries. The premises are owned by the defendant ADJ Holding Corporation (hereinafter ADJ). The wife of the defendant Charles Bleecher is the executive officer of ADJ, which leased the premises to the defendant Charles Bleecher, M.D., P.C. (hereinafter the PC), a professional corporation whose president is Bleecher.

At the time of the accident, the plaintiff, who worked for a subtenant of the PC at the premises, was attempting to exit the premises through the doors. The plaintiff alleged that she was caused to fall due to broken and/or crushed tiles directly abutting the doors inside the lobby. She did not dispute that, ordinarily, the tiled area was concealed by a rubber mat, which lay flush with the interior door jamb, but she asserted that the rubber mat only partially covered the tiled area at the time of the accident.

After the note of issue was filed, the defendants moved for summary judgment dismissing the complaint on the grounds that they lacked actual and/or constructive notice of any defective condition, and had not created the allegedly defective condition. The plaintiffs opposed the motion, contending that the defendants had constructive notice thereof. The Supreme Court granted the motion and we affirm.

"To prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506 [1995]). "On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

In this case, Bleecher's deposition testimony that, prior to the accident, he inspected the lobby of the premises on a daily basis, and that he had never seen any cracks in any of the tiles in the lobby, together with the testimony adduced from both the plaintiff and Bleecher that the area where the defective tiling

was found was ordinarily concealed by the rubber mat, established, prima facie, that the defendants did not possess constructive notice of the defect.

In opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Under these circumstances, where there was nothing to arouse the defendants' suspicions that the surface beneath the mat was defective, any failure on their part to look under the mat when conducting inspections of the lobby area did not render those inspections unreasonable (*see Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]). Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.