■ VANESSA MOORE, Appellant, v MICHAEL ORTOLANO, Respondent, et al., Defendant. [912 NYS2d 362]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered July 15, 2009 in a personal injury action. The order granted the motion of defendant Michael Ortolano for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell from the second-story porch of the apartment that she and her husband rented from defendants. The accident occurred when the porch railing collapsed while plaintiff and her husband were leaning against it, causing them to fall to the ground, and plaintiff alleged that defendants had actual or constructive notice of the defective condition of the porch railing and failed to maintain it in a proper manner. Supreme Court properly granted the motion of Michael Ortolano (defendant) seeking summary judgment dismissing the amended complaint against him. In support of the motion, defendant submitted the deposition testimony of plaintiff and her husband, both of whom acknowledged that they lived in the apartment for approximately four years prior to the accident and were unaware of any problems with the porch railing. Defendant also submitted evidence establishing that he had received no complaints with respect to the condition of the railing. We conclude that defendant thereby met his initial burden of establishing that he lacked actual or constructive notice of any alleged defect in the railing (*see generally Reynolds v Knibbs*, 73 AD3d 1456 [2010]), and that plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We further

conclude that defendant met his burden of establishing that he properly maintained the porch, including the railing, and plaintiff failed to raise an issue of fact (*see generally id.*).

Plaintiff further contends that notice to defendant was not required because the doctrine of res ipsa loquitur applies. We reject that contention. The doctrine of res ipsa loquitur does not apply here because, inter alia, defendant was not in exclusive control of the instrumentality that allegedly caused plaintiff's injuries, i.e., the porch railing (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Brink v Anthony J. Costello & Son Dev., LLC*, 66 AD3d 1451, 1453 [2009]). As noted, plaintiff and her husband were tenants of the apartment for approximately four years prior to the accident, and defendant established that he was an "out-of-possession landlord[ ] who did not exercise exclusive control over" the porch and its railing (*Richardson v Simone*, 275 AD2d 576, 578 [2000]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.