■ BRIGID POMMERENCK, as Administratrix of the Estate of ERIC POMMERENCK, Deceased, Respondent, v GERALD R. NASON, JR., Defendant, and GERALD R. NASON, SR., et al., Appellants. [914 NYS2d 826]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 16, 2010 in a wrongful death action. The order denied the motion of defendants Gerald R. Nason, Sr. and Rosemary Nason for summary judgment dismissing plaintiff's complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Gerald R. Nason, Sr. and Rosemary Nason is dismissed.

Memorandum: Plaintiff commenced this wrongful death action, as administratrix of the estate of her husband (decedent), seeking damages for the fatal injuries decedent sustained when a hay elevator collapsed on him. Gerald R. Nason, Sr. and Rosemary Nason (collectively, defendants) owned but did not reside on the property where the accident occurred (property). Their son, defendant Gerald R. Nason, Jr., used the property on occasion to store junk equipment, including the hay elevator. Decedent and a friend went to the property to inspect the hay elevator with the intent of purchasing it.

We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them. It is well established that "[a] landowner is liable for a dangerous or defective condition on his or her property when the landowner 'created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it' " (*Anderson v Weinberg*, 70 AD3d 1438, 1439 [2010]). Here, defendants met their initial burden of establishing that they did not create the allegedly defective condition on the property and that they did not have actual notice of it, and plaintiffs failed to raise a triable issue of fact in

opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Gerald Nason, Sr. testified at his deposition that the property consists of approximately 38 to 40 acres of largely undeveloped farmland, which he uses in the summer months to grow hay for his dairy farm. Prior to the accident in December 2005, Gerald Nason, Sr. last visited the property in September 2005 when he finished baling hay for the season. In addition, Rosemary Nason testified that she never visited the property and that she had nothing to do with the property apart from her ownership thereof.

We further conclude that defendants met their initial burden of establishing that they did not have constructive notice of the allegedly defective condition, and plaintiff failed to raise a triable issue of fact in opposition (*see Pueng Fung v 20 W. 37th St. Owners, LLC*, 74 AD3d 635 [2010]; *see generally Zuckerman*, 49 NY2d at 562). Although defendants submitted evidence establishing that the hay elevator had been located on the property for at least $2\frac{1}{2}$ months and that they may have driven by the property "four or five times" during that period, there was no evidence that the hay elevator was visible from the road. In any event, even assuming, arguendo, that defendants were aware of the existence of the hay elevator on the property, we conclude that such awareness does not establish that they had constructive notice of any alleged defect in the hay elevator (*see Moore v Ortolano*, 78 AD3d 1652 [2010]). Indeed, Gerald Nason, Jr. testified at his deposition that the condition of the hay elevator could not be observed without coming onto the property.

Nevertheless, "landowner[s] may be under an affirmative duty to conduct reasonable inspections of the premises, despite the general notion that notice is a prerequisite to recovery for injuries caused by a dangerous condition" (3 Warren's Negligence in New York Courts § 56.02, at 56-10 [2d ed]; *see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [2007]; *Weller v Colleges of the Senecas*, 217 AD2d 280, 285 [1995]). The duty of landowners to inspect their property is measured by a standard of reasonableness under the circumstances (*see Hayes*, 40 AD3d at 501; *Weller*, 217 AD2d at 285; *see generally Basso v Miller*, 40 NY2d 233, 241 [1976]). Under the unique circumstances of this case, we conclude that defendants' alleged awareness of the existence of the hay elevator on the property did not trigger a duty to enter the property and conduct an inspection of the hay elevator (*see generally Singh v United Cerebral Palsy of N.Y. City, Inc.*, 72 AD3d 272, 276 [2010]). "Where . . . there is nothing to arouse the [landowners'] suspicion, [they have] no duty to inspect" (*Appleby v Webb*, 186 AD2d 1078, 1079 [1992]; *see*

*Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 695 [2007]). Here, there was nothing unlawful or unusual about the presence of a piece of farm equipment on a large parcel of farmland, nor was there anything about the mere presence of a hay elevator that should have aroused defendants' suspicions that the hay elevator was defective (*see Scoppettone*, 41 AD3d at 695). Further, there is no evidence of any prior complaints, incidents or accidents involving the hay elevator.

We therefore reverse the order, grant the motion and dismiss the complaint against defendants. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.