■ MICHELLE LAWRENCE, Appellant, v ROCKLAND COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. [940 NYS2d 321]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated January 18, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the morning of October 7, 2008, the plaintiff, a nursing student, arrived early for class at a building owned by the defendant, Rockland County Board of Cooperative Educational Services (hereinafter BOCES). Her classroom was locked, and she sat down in a chair in the hallway. The chair collapsed and the plaintiff fell to the floor, sustaining personal injuries.

BOCES established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it neither created nor had notice, actual or constructive, of the defective condition of the chair (see Miles v Hicksville U.F.S.D., 56 AD3d 625, 625-626 [2008]; Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537, 538 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. The subject chair was located in a hallway outside a classroom, giving numerous persons access to it and, thus, BOCES did not have exclusive control over it. Consequently, under the circumstances here, the plaintiff could not invoke the doctrine of res ipsa loquitur (see Miles v Hicksville U.F.S.D., 56 AD3d at 626; Dulgov v City of New York, 33 AD3d 584, 585 [2006]; Loiacono v Stuyvesant Bagels, Inc., 29 AD3d at 538; Chini v Wendcentral Corp., 262 AD2d 940 [1999]). Accordingly, the Supreme Court properly granted BOCES's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.