# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

694

CA 12-00183

PRESENT: FAHEY, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

BARBARA ANDERSON AND DAN FAULKNER,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

RAY JUSTICE, ET AL., DEFENDANTS,
AND STEVE EZARD, DEFENDANT-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (NICHOLAS B. DAVIS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered August 19, 2011 in a personal injury action. The order, insofar as appealed from, denied that part of the motion of defendants for summary judgment dismissing the complaint against defendant Steve Ezard.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendants' motion is granted in its entirety, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they allegedly sustained when they fell through a dock owned by Steve Ezard (defendant). Defendants moved for summary judgment dismissing the complaint on the ground that, inter alia, defendant did not have actual or constructive notice of any defective or dangerous condition of the dock. We agree with defendant that Supreme Court erred in denying that part of the motion dismissing the complaint against him, and we therefore reverse the order insofar as appealed from, grant the motion in its entirety and dismiss the complaint. Defendant met his initial burden of establishing that he neither created nor had actual or constructive notice of the allegedly dangerous or defective condition of the dock, and plaintiffs failed to raise a triable issue of fact in opposition (*see generally King v Sam's E., Inc.*, 81 AD3d 1414, 1414-1415).

It is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant[] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, defendant met his initial burden of

establishing that he lacked constructive notice of any defective or dangerous condition with respect to the dock by submitting, inter alia, his deposition testimony and an affidavit in which he averred that he inspected the dock every spring when he placed it in the water, that he and his family regularly used the dock and that they encountered no problems with the dock prior to plaintiffs' accident. Defendant also submitted plaintiffs' bill of particulars in which they alleged that the defect in the dock was "latent," thus acknowledging that the defect was not "visible and apparent" (*id.*), as well as plaintiffs' deposition testimony in which they testified that they observed no problems with the dock before the accident.

In opposition to the motion, plaintiffs alleged that there were questions of fact concerning the reasonableness of defendant's inspections of the dock and whether such inspections would have disclosed the alleged defect that caused the dock to collapse. "The duty of landowners to inspect their property is measured by a standard of reasonableness under the circumstances" (*Pommerenck v Nason*, 79 AD3d 1716, 1717; *see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501, *lv denied* 9 NY3d 809; *Weller v Colleges of the Senecas*, 217 AD2d 280, 285). "Where . . . there is nothing to arouse the [property owner's] suspicion, he [or she] has no duty to inspect" (*Appleby v Webb*, 186 AD2d 1078, 1079; *see Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 695). Here, as noted above, defendant inspected the dock prior to placing it in the water each year, used the dock regularly without incident and received no complaints from his neighbors, including plaintiff Barbara Anderson, who likewise routinely used the dock without incident. Further, there is no evidence in the record that the dock showed signs of deterioration, such as rusted nails, rotted or discolored wood or corroded metal (*cf. Serna v 898 Corp.*, 90 AD3d 560, 560; *Babcock v County of Albany*, 85 AD3d 1425, 1426-1427; *Oates v Iacovelli*, 80 AD3d 1059, 1060-1061). Under the circumstances of this case, we conclude that it was reasonable for defendant to conduct a pre-season inspection of the dock and thereafter to rely upon personal observations and any complaints to determine whether further inspection or maintenance was required (*see generally Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 731). Thus, plaintiffs failed to raise a triable issue of fact concerning defendant's constructive notice of the alleged dangerous or defective condition of the dock.

We reject plaintiffs' alternative contention that notice to defendant was not required because the doctrine of res ipsa loquitur applies. That doctrine "does not apply here because, inter alia, defendant was not in exclusive control of the instrumentality that allegedly caused plaintiff[s'] injuries," i.e., the dock (*Moore v Ortolano*, 78 AD3d 1652, 1653; *see Warren v Ellis*, 61 AD3d 1351, 1352-1353). Indeed, Anderson testified at her deposition that the dock was a "community dock" and that she regularly used the dock to enter the lake from the right-of-way shared by defendant, Anderson and other neighboring property owners.

Entered: June 8, 2012
Frances E. Cafarell
Clerk of the Court