# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1087

CA 13-00662

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOSEPH CATALANO AND BARBARA CATALANO,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

LAURIE TANNER, INDIVIDUALLY AND DOING BUSINESS
AS DAN'S RESTAURANT, DEFENDANT-APPELLANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SHAW & SHAW, P.C., HAMBURG (JACOB A. PIORKOWSKI OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (James H.
Dillon, J.), entered March 21, 2013. The order denied the motion of
defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs, the motion is granted, and the complaint is
dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Joseph Catalano (plaintiff) when a
chair at a restaurant owned by defendant collapsed as he sat on it,
causing him to fall to the ground. We agree with defendant that
Supreme Court erred in denying her motion for summary judgment
dismissing the complaint.

Defendant met her initial burden of establishing that she neither
created nor had actual or constructive notice of the allegedly
defective condition of the chair (*see Loiacono v Stuyvesant Bagels,
Inc.*, 29 AD3d 537, 538; *see generally King v Sam's E., Inc.*, 81 AD3d
1414, 1414-1415). In support of the motion, defendant submitted,
inter alia, the deposition testimony of plaintiff and his wife,
plaintiff Barbara Catalano, and defendant. Plaintiff and his wife
testified that, prior to the accident, they had patronized defendant's
restaurant for a number of years and had never noticed or encountered
any problems with the metal-framed chairs at issue. Indeed, plaintiff
testified that he went to the restaurant five mornings per week, that
he and his dining companions sat at the same table and in the same
chairs every morning, and that neither he nor his companions had ever
experienced any problems with the chairs. On the day he fell,
plaintiff did not notice anything wrong with the chair when he sat

down, and he had no idea what caused the chair to collapse.  Defendant testified that, prior to the accident, she had received no complaints about the chairs and no such chair had broken previously.  With the exception of the chair at issue, defendant continued to use the same chairs at the restaurant, and has not experienced any problems with the chairs since the accident (*see generally Anderson v Justice*, 96 AD3d 1446, 1447).

Plaintiffs failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiffs asserted only that there were issues of fact concerning defendant's constructive notice, i.e., whether reasonable inspections of the chair would have disclosed the alleged defect that caused the chair to collapse.  The duty of a property owner to inspect his or her property "is measured by a standard of reasonableness under the circumstances" (*Pommerenck v Nason*, 79 AD3d 1716, 1717).  Here, defendant testified that she wipes down the chairs at the end of each day and that, "every month or so," she performs a "major cleaning" of the restaurant, which includes an inspection of the chairs.  In the absence of any prior complaints, incidents, accidents, or any other circumstances that should have aroused defendant's suspicion that the chairs were defective (*see Anderson*, 96 AD3d at 1448; *Pommerenck*, 79 AD3d at 1718; *Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 695), we conclude that plaintiffs failed to raise a triable issue of fact concerning the reasonableness of defendant's inspection practices, and thus whether defendant had constructive notice of the alleged defective condition of the chair.

We reject plaintiffs' alternative contention that notice to defendant was not required because the doctrine of res ipsa loquitur applies.  That doctrine "does not apply here because, inter alia, defendant was not in exclusive control of the instrumentality that allegedly caused plaintiff's injuries," i.e., the chair (*Moore v Ortolano*, 78 AD3d 1652, 1653; *see Chini v Wendcentral Corp.*, 262 AD2d 940, 940, *lv denied* 94 NY2d 752).  Specifically, "[t]he record is devoid of evidence that defendant's control of the chair, located in a restaurant open to the public where innumerable patrons had access to the chair, was sufficiently exclusive 'to fairly rule out the chance that the defect . . . was caused by some agency other than defendant's negligence' " (*Hardesty v Slice of Harlem, II, LLC*, 79 AD3d 472, 472, quoting *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 228; *see Loiacono*, 29 AD3d at 538; *Chini*, 262 AD2d at 940).  The restaurant at issue is open to the public five days per week for breakfast and lunch, and plaintiff's wife testified that "everybody sits at th[e] table" where the allegedly defective chair was located, and that "[i]t's like a social gathering table."

All concur except VALENTINO and WHALEN, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent.  We disagree with the majority's conclusion that defendant met her initial burden of establishing lack of constructive notice.  To the contrary, we conclude that there are issues of fact concerning the nature of the alleged defect that caused the chair to collapse and the reasonableness of defendant's preaccident inspection practices, i.e.,

whether reasonable inspection practices should have alerted defendant to the defective condition of the chair, thereby precluding summary judgment to defendant (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Notably, the record is devoid of any evidence of the nature of the defect that caused the chair leg to separate from the seat, and any evidence indicating whether the defect was hidden or observable. Photographs taken of the chair showing its postaccident condition show that the chair leg cleanly separated from the seat and that the leg had been affixed to the seat with some type of fasteners. With respect to the condition of the chair, defendant testified that she had purchased the chair as part of a larger purchase of used chairs, that she did not know the weight capacity of the chairs, and that some of her restaurant patrons probably weighed 300 pounds or more. With respect to defendant's preaccident inspection practices, defendant testified that she inspected the chairs approximately once per month, "to make sure that everything is solid[,] feels good and everything is in shape." Defendant failed to submit any evidence, however, as to when she last conducted an inspection of the chair and its fasteners prior to the injury of plaintiff Joseph Catalano (*see Bailey v Curry*, 1 AD3d 1059, 1059; *cf. Anderson v Justice*, 96 AD3d 1446, 1447-1448) and, in the absence of such evidence, we conclude that she has failed to establish as a matter of law that she lacked constructive notice of the alleged defect that caused the chair to collapse (*see Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501). Defendant also failed to submit any evidence that a reasonable inspection would not have revealed the alleged defect (*see Personius v Mann*, 20 AD3d 616, 617, *mod on other grounds* 5 NY3d 857). For the foregoing reasons, we conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint and would thus affirm.

Entered:  December 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court