Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered March 21, 2013. The order denied the motion of defendant for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Joseph Catalano (plaintiff) when a chair at a restaurant owned by defendant collapsed as he sat on it, causing him to fall to the ground. We agree with defendant that Supreme Court erred in denying her motion for summary judgment dismissing the complaint.
Defendant met her initial burden of establishing that she neither created nor had actual or constructive notice of the allegedly defective condition of the chair (see Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537, 538 [2006]; see generally King v Sam’s E., Inc., 81 AD3d 1414, 1414-1415 [2011]). In support of the motion, defendant submitted, inter alia, the deposition testimony of plaintiff and his wife, plaintiff Barbara Catalano, and defendant. Plaintiff and his wife testified that, prior to the accident, they had patronized defendant’s restaurant for a *1300 number of years and had never noticed or encountered any problems with the metal-framed chairs at issue. Indeed, plaintiff testified that he went to the restaurant five mornings per week, that he and his dining companions sat at the same table and in the same chairs every morning, and that neither he nor his companions had ever experienced any problems with the chairs. On the day he fell, plaintiff did not notice anything wrong with the chair when he sat down, and he had no idea what caused the chair to collapse. Defendant testified that, prior to the accident, she had received no complaints about the chairs and no such chair had broken previously. With the exception of the chair at issue, defendant continued to use the same chairs at the restaurant, and has not experienced any problems with the chairs since the accident (see generally Anderson v Justice, 96 AD3d 1446, 1447 [2012]).
Plaintiffs failed to raise a triable issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiffs asserted only that there were issues of fact concerning defendant’s constructive notice, i.e., whether reasonable inspections of the chair would have disclosed the alleged defect that caused the chair to collapse. The duty of a property owner to inspect his or her property “is measured by a standard of reasonableness under the circumstances” (Pommerenck v Nason, 79 AD3d 1716, 1717 [2010]). Here, defendant testified that she wipes down the chairs at the end of each day and that, “every month or so,” she performs a “major cleaning” of the restaurant, which includes an inspection of the chairs. In the absence of any prior complaints, incidents, accidents, or any other circumstances that should have aroused defendant’s suspicion that the chairs were defective (see Anderson, 96 AD3d at 1448; Pommerenck, 79 AD3d at 1718; Scoppettone v ADJ Holding Corp., 41 AD3d 693, 695 [2007]), we conclude that plaintiffs failed to raise a triable issue of fact concerning the reasonableness of defendant’s inspection practices, and thus whether defendant had constructive notice of the alleged defective condition of the chair.
We reject plaintiffs’ alternative contention that notice to defendant was not required because the doctrine of res ipsa loquitur applies. That doctrine “does not apply here because, inter alia, defendant was not in exclusive control of the instrumentality that allegedly caused plaintiffs injuries,” i.e., the chair (Moore v Ortolano, 78 AD3d 1652, 1653 [2010]; see Chini v Wendcentral Corp., 262 AD2d 940, 940 [1999], lv denied 94 NY2d 752 [1999]). Specifically, “[t]he record is devoid of evidence that defendant’s control of the chair, located in a *1301 restaurant open to the public where innumerable patrons had access to the chair, was sufficiently exclusive ‘to fairly rule out the chance that the defect. . . was caused by some agency other than defendant’s negligence’ ” (Hardesty v Slice of Harlem, II, LLC, 79 AD3d 472, 472 [2010], quoting Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]; see Loiacono, 29 AD3d at 538; Chini, 262 AD2d at 940). The restaurant at issue is open to the public five days per week for breakfast and lunch, and plaintiffs wife testified that “everybody sits at th[e] table” where the allegedly defective chair was located, and that “[fit’s like a social gathering table.”
All concur except Valentino and Whalen, JJ., who dissent and vote to affirm in the following memorandum.