Conklin v 500-512 Seventh Ave., LP, LLC (2018 NY Slip Op 01437)





Conklin v 500-512 Seventh Ave., LP, LLC


2018 NY Slip Op 01437


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5902 159014/14

[*1]Charles Conklin, Plaintiff-Respondent,
v
500-512 Seventh Avenue, LP, LLC, Defendant-Appellant.


LeClair Ryan, P.C., New York (Michael J. Case of counsel), for appellant.
Law Offices of Stevens & Traub, PLLC, New York (Peter Pearson Traub, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered August 16, 2017, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff, a handyman employed by defendant's managing agent, was injured when the landing of a metal staircase in the sub-basement of defendant's building collapsed under him, causing him to fall about 20 feet to the cement floor below. Plaintiff established prima facie that defendant had constructive notice of the defective condition of the stairs by submitting photographs showing the staircase covered in rust, and evidence that defendant had no program of inspection for the staircase and had never inspected it in the 27 years preceding the accident (see Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [1st Dept 2007], lv denied 9 NY3d 809 [2007]; Serna v 898 Corp., 90 AD3d 560 [1st Dept 2011]). In opposition, defendant failed to raise an issue of fact as to constructive notice.
We note that stairs do not ordinarily collapse absent negligence, and plaintiff did not contribute to the happening of the accident.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK