Miller v Kendall (2018 NY Slip Op 06353)





Miller v Kendall


2018 NY Slip Op 06353


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


906 CA 18-00558

[*1]STEVEN MILLER, PLAINTIFF-APPELLANT,
v
JOHN KENDALL, JR., AND DANIEL CAVERLY, DEFENDANTS-RESPONDENTS. 






FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered June 26, 2017. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he allegedly sustained when he fell on a "slippery, wet and moss covered step" located on premises owned by defendants. We reject plaintiff's contention that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. It is well established that "[a] landowner is liable for a dangerous or defective condition on [its] property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (Keene v Marketplace, 114 AD3d 1313, 1314 [4th Dept 2014] [internal quotation marks omitted]; see Pommerenck v Nason, 79 AD3d 1716, 1716 [4th Dept 2010]). We note that, "by briefing the issue of constructive notice only, [plaintiff has] abandoned any claims that defendants had actual notice of or created the dangerous condition" (Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397 [4th Dept 2017]). Furthermore, "[b]y submitting evidence that demonstrated that the defect was not visible and apparent," including a photograph of the steps taken 45 minutes after the accident and plaintiff's deposition testimony, "defendant[s] established that [they] did not have constructive notice of the defect" (Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc., 15 AD3d 857, 858 [4th Dept 2005]; see Anderson v Justice, 96 AD3d 1446, 1447 [4th Dept 2012]). Plaintiff failed to raise an issue of fact in opposition to the motion (see generally Zuckerman v City of New York,
49 NY2d 557, 562 [1980]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court