Newisky v United Artists Kaufman Astoria 14 Regal Cinemas (2018 NY Slip Op 06880)





Newisky v United Artists Kaufman Astoria 14 Regal Cinemas


2018 NY Slip Op 06880


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-02264
 (Index No. 8014/14)

[*1]Mohamed A. El Newisky, respondent, 
v
United Artists Kaufman Astoria 14 Regal Cinemas, et al., appellants.


Marshall Dennehey Warner Coleman & Goggin, New York, NY (Adam C. Calvert of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (Steven A. Levy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 17, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while at the defendants' movie theater in Queens. The plaintiff and his wife arrived at the theater and began to look for seats approximately 15 minutes before the movie was scheduled to start. The plaintiff selected a seat and did not notice anything wrong with it prior to sitting down. The plaintiff alleged that he was injured when, as he was about to sit down, he applied some pressure to the seat cushion with his hand, at which point the cushion dislodged from the frame, causing him to fall into the seat.
The defendants moved for summary judgment dismissing the complaint on the ground that they neither created nor had actual or constructive notice of the defective condition. The defendants further argued that the plaintiff was not entitled to rely upon the doctrine of res ipsa loquitur. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants demonstrated, prima facie, that they neither created nor had actual or constructive notice of the defective condition of the subject seat (see Lawrence v Rockland County Bd. of Coop. Educ. Servs., 93 AD3d 766; Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 932; Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537, 538). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants created or had notice of the particular condition (see Loiacono v Stuyvesant, Bagels, Inc., 29 AD3d at 538).
The doctrine of res ipsa loquitur was not applicable because the evidence presented did not adequately exclude the chance that the seat had been damaged by someone other than the defendants (see Loiacono v Stuyvesant Bagels, Inc., 29 AD3d at 538; Edmonds v City of Yonkers, [*2]294 AD2d 330; Sinto v City of Long Beach, 290 AD2d 550, 550; Raimondi v New York Racing Assn., 213 AD2d 708).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court