# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

117

CA 14-01353

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

ARCELIA DEL CARMEN CUQUE, ALSO KNOWN AS
ARCELIA SOTO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SABIHA AMIN, DEFENDANT-RESPONDENT.

---

VANDETTE PENBERTHY, LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN TROP, BUFFALO (TIFFANY D'ANGELO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Patrick
H. NeMoyer, J.), entered March 26, 2014. The order, among other
things, denied plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking
damages for injuries she allegedly sustained when she fell down a
flight of stairs at an apartment she rented from defendant. According
to plaintiff, her boot became caught on a protruding strip of metal
that was attached to the lip of a step toward the top of the stairway.
Having lost her balance, plaintiff reached for the handrail on the
side of the stairway, but the railing came out of the wall, causing
plaintiff to fall down the stairs. Following discovery, plaintiff
moved for partial summary judgment on liability, contending that
defendant negligently maintained the stairway. Supreme Court denied
the motion, and we affirm.

As a preliminary matter, we reject plaintiff's contention that
the court should have applied the doctrine of res ipsa loquitur to
find that the stairway and handrail were defective as a matter of law.
The doctrine of res ipsa loquitur applies where the plaintiff can
establish, among other elements, that his or her injuries were caused
by an "instrumentality within the exclusive control of the defendant"
(*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [internal
quotation marks omitted]). Here, plaintiff failed to establish that
defendant had exclusive control of the instrumentalities that
allegedly caused her injuries, i.e., the stairway and the handrail
(*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Moore v Ortolano*,
78 AD3d 1652, 1653). In any event, as the court properly determined,

plaintiff also failed to establish as a matter of law that defendant created either of the defective conditions or had actual or constructive notice of them (*see generally Gaffney v Norampac Indus., Inc.*, 109 AD3d 1210, 1211).  Moreover, even assuming, arguendo, that plaintiff met her initial burden of proof, we conclude that the evidence submitted by defendant raises triable issues of fact sufficient to defeat plaintiff's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court